IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY JOHLL,

                Plaintiff,                              ORDER

    v.

                                                                       13-cv-630-jdp

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

---

      Plaintiff Jeffrey Johll sought judicial review of a final decision of the Acting Commissioner of Social Security finding him not disabled within the meaning of the Social Security Act. He prevailed and the court remanded Johll's case to the Commissioner for further proceedings. Dkt. 21. Now, Johll has moved for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(B). Johll seeks $5,692.50 in fees for the 25.3 hours his attorney spent assisting him in this case. The Commissioner opposes Johll's motion on the grounds that he has not justified an hourly rate above the EAJA's statutory cap of $125 per hour. The Commissioner's argument is persuasive, and so the court will grant Johll's motion only in part.

      The EAJA provides "reasonable fees and expenses of attorneys" to the prevailing party in court cases brought against the Commissioner. 28 U.S.C. § 2412(b). Johll will be entitled to attorney fees if: (1) he was a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that would make an award unjust; and (4) the application for fees was timely filed with the court. *Id.* § 2412(d)(1)(A)-(B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). The Commissioner does not dispute that these prerequisites are present in this case. Instead, the Commissioner's objection relates to the amount of fees requested.

The EAJA caps the rate for attorney fees at $125 per hour, unless the court determines that either an increase in the cost of living or a "special factor" justifies a higher rate. 28 U.S.C. § 2412(d)(2)(A). According to the Seventh Circuit, "[t]he $125 rate is a presumptive ceiling; to justify a higher rate the plaintiff must point to inflation or some other special factor." *Mathews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011). It is therefore Johll's burden to prove that his attorney is entitled to a rate above the EAJA cap. Johll pursues the "special factor" exception to the capped rate, arguing that there is a limited availability of qualified attorneys for social security proceedings, and that those attorneys charge over $125 per hour; he does not argue that a cost of living increase requires a higher rate. Dkt. 25, at 3.[1] The Supreme Court requires a narrow reading of the special factor exception, explaining that it "refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question—as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation." *Pierce v. Underwood*, 487 U.S. 552, 572 (1988). In the Seventh Circuit, "the practical question [is] whether in the case at hand lawyers qualified to handle the case can be found for $125 per hour or less. If a plaintiff can show that a particular kind of case requires for competent counsel someone from among a small class of specialists who are available only for more than $125 per hour," a higher rate may be justified. *Mathews-Sheets*, 653 F.3d at 565 (alterations omitted) (quoting *Atl. Fish Spotters Ass'n v. Daley*, 205 F.3d 488, 492 (1st Cir. 2000)).

Johll argues that his attorneys specialize in representing social security claimants in federal district courts and that their hourly rate of $225 is reasonable. To support the above-cap

---

[1] Even if the court were to construe Johll's reliance on the Laffey Matrix—which uses the Consumer Price Index to adjust average hourly billing rates for inflation—to constitute a cost-of-living argument, Johll did not present any evidence showing how increased costs specifically affected his attorney in this case. *Cf. Kampe v. Astrue*, No. 09-cv-0888, 2012 WL 6644231, at *2 (E.D. Wis. Dec. 20, 2012) (plaintiff discussed increases in rent, cost of electricity, mail delivery, labor costs, and billing rates in support of a cost-of-living argument for above-cap rates).

rate, Johll directs the court to the Laffey Matrix, a chart of average hourly rates for attorneys in the Washington, D.C. area published annually by the United States Attorney's Office to help courts determine reasonable fees for fee-shifting statutes. Johll observes that the matrix, adjusted for the "Minn/WI" locality, yields average hourly rates of $380.19 and $309.57 for attorneys such as his.[2] Because $225 is well below either rate, Johll contends that it is reasonable. But the Seventh Circuit is skeptical about relying on the Laffey Matrix to determine reasonable fees for attorneys who practice outside of the D.C. area. *Montanez v. Simon*, 755 F.3d 547, 554 (7th Cir. 2014) *cert. denied sub nom. Montanez v. Chi. Police Officers FICO*, No. 14-327, 2014 WL 4682602 (U.S. Nov. 3, 2014). Moreover, according to its own explanatory notes, the "matrix does *not* apply in cases in which the hourly rate is limited by statute." Dkt. 28 (original emphasis). Johll therefore cannot rely on the Laffey Matrix to support above-cap rates in this case.

Beside the Laffey Matrix, Johll offers two affidavits in support of his requested rate: one from his own attorney and another from the "owner" of his attorneys' firm who used to practice social security law. Dkt. 24 and Dkt. 26. These affidavits attest that $225 per hour is a reasonable rate for this type of work and that neither attorney would represent claimants in federal court for less. As an initial matter, "conclusory affidavits from attorneys merely opining on the reasonableness of another attorney's fee—unlike affidavits describing what comparable attorneys charge for similar services—have little probative value." *Montanez*, 755 F.3d at 554 (internal quotation marks omitted). But more importantly, "reasonableness" is not the test under the EAJA. A plaintiff seeking above-cap rates for his attorney must demonstrate that his particular case could only be handled competently by one of a narrow class of specialists who

---

[2] The Commissioner notes that Johll relies on an "unofficial" version of the matrix, which leads to significantly higher rates. Using the "official" matrix that the Commissioner appended to her brief in opposition, Dkt. 28, Johll's attorneys' rates would be closer to $285 and $240 per hour for 2013-14, the years in which his lawyers worked on this case.

3

charge more than $125 per hour. *Mathews-Sheets*, 653 F.3d at 564-65. Here, the simple fact that one of Johll's attorneys routinely performs social security work is insufficient. *Raines v. Shalala*, 44 F.3d 1355, 1361 (7th Cir. 1995) ("[T]he area of social security law cannot in itself be considered such a specialized area of law practice as to warrant, as a general rule, payment in excess of the [EAJA] rate."). Nor is Johll's citation to the average rate charged by Wisconsin lawyers in 2012 for non-contingency cases—$229.00 per hour—particularly helpful. Dkt. 30, at 2. This is evidence of the market rate for all legal services in Wisconsin and says nothing about the unique or special requirements *in this case*. Thus, although a fee of $125 per hour "seems awfully low," *Mathews-Sheets*, 653 F.3d at 564, that is the cap Congress has established. 28 U.S.C. § 2412(d)(2)(A). Because Johll has failed to show that either an increase in the cost of living or a special factor mandates something higher, $125 is the rate his attorneys will receive.[3] Johll's attorneys worked for a total of 25.3 hours on this case. Dkt. 23-1 and Dkt. 30-1. At a rate of $125 per hour, he is entitled to $3,162.50 for that work.

One closing matter remains. Johll (through counsel) requests that the court order that the fees be paid directly to his attorney. Dkt. 23. But the Supreme Court has held "that a § 2412(d) fees award is payable *to the litigant*." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010) (emphasis added). Noting this precedent, the Seventh Circuit has nevertheless authorized payment of EAJA fees directly to an attorney in cases where a plaintiff has assigned his claim for fees to his lawyer. *See Mathews-Sheets*, 653 F.3d at 565-66. Johll does not identify any such assignment in this case and so the court is unable to order that the fees be paid directly to his

---

[3] Johll's fee request lacks an attestation that his attorneys exercised judgment in the number of hours billed, and the time records he submitted do not indicate which of his two attorneys completed each particular task. These omissions might ordinarily lead the court to further reduce the award, but the total hours reported appears to be reasonable and so no further reduction is necessary.

attorney at this time. The clerk's office will delay entry of judgment for one week, however, to provide Johll with time to advise the court on whether he has assigned his claim to fees. Should he fail to provide adequate documentation, the clerk's office will enter judgment stating that all fees are to be paid directly to him instead of his attorney.

IT IS ORDERED that:

1. Plaintiff Jeffrey Johll is awarded his reasonable attorney fees in the amount of $3,162.50, consistent with this Order.

2. Plaintiff may have until November 26, 2014, to file a notice with the court confirming that he has assigned his right to fees to his attorney. Should he fail to do so, the clerk's office will enter judgment stating that the fees are to be paid directly to plaintiff.

Entered this 19th day of November, 2014.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge